## Parchman v. DeFelice

*Daniel I. Herman,* for plaintiff.
*Leo Stepanian,* for defendant.

MOTTO, *P.J.*, October 19, 2005—Before the court are plaintiff's objections to the issuance of subpoenas.

This action arises from an automobile accident that occurred on April 26, 2002. Plaintiff alleges that as a result of this accident, defendant is liable for injuries plaintiff suffered as well as wage loss and out-of-pocket medical expenses. Additionally, plaintiff claims that her first-party benefits have been exhausted.

Defendant sent plaintiff's counsel a letter indicating notice of intent to serve subpoenas upon Geico Insurance, Mountain Laurel Assurance Company and Eckerd Drug. Plaintiff has filed objections to the issuance of the subpoenas on the grounds that the information sought is too remote in time, not relevant, duplicative and excessive and unnecessary.

Pa.R.C.P. 4009.21 states:

"(a) A party seeking production from a person not a party to the action shall give written notice to every other party of the intent to serve a subpoena at least 20 days before the date of service. A copy of the subpoena proposed to be served shall be attached to the notice. . . .

"(c) Any party may object to the subpoena by filing of record written objections and serving a copy of the objection upon every party to the action. . . .

"(d)(1) If objections are received by the party intending to serve the subpoena prior to its service, the subpoena shall not be served. The court upon motion shall rule upon the objections and enter an appropriate order." Pa.R.C.P. 4009.21(a), (c) and (d)(1).

Limitations regarding discovery are stated in Pa.R.C.P. 4003.1(a) and Pa.R.C.P. 4011. Pa.R.C.P. 4003.1(a) provides that:

"[A] party may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party . . . ." Pa.R.C.P. 4003.1(a). Rule 4011 states:

"No discovery or deposition shall be permitted which:

"(a) is sought in bad faith;

"(b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party;

"(c) is beyond the scope of discovery as set forth in Rules 4003.1 through 4003.6;

"(d) Rescinded . . .;

"(e) would require the making of an unreasonable investigation by the deponent or any party or witness;

"(f) Rescinded . . . ." Pa.R.C.P. 4011.

Defendant seeks a first-party benefit file from Mountain Laurel Assurance Company for an accident that occurred on April 25, 1998, approximately four years prior to the underlying accident. Plaintiff alleges that the amount of time that has lapsed between the injury stemming from the April 25, 1998 accident and the current injury is so remote as to make the review of any such information not conceivably useful in any manner. The court does not agree with plaintiff's argument. The prior

accident occurred only four years prior to the current accident and apparently involved the same part of the body. These facts are not too remote nor do they appear to be outside the scope of the rules. Therefore, plaintiff's objection to the subpoena of records from Mountain Laurel Assurance Company is dismissed.

In regard to the subpoena involving Geico Insurance, plaintiff contends that defendant has already been provided with a complete copy of the file and therefore the requested information is duplicative. This argument is without merit as plaintiff is claiming that she has wage loss as well as out-of-pocket medical expenses. Therefore, defendant is entitled to this file to determine the exact amount of plaintiff's medical expenses that were not covered. In addition, it appears that plaintiff is unable to verify the completeness and accuracy of Geico's records, which Geico would be able to accomplish. Therefore, plaintiff's objection to the subpoena of records from Geico Insurance Company is dismissed.

Finally, plaintiff objects to the subpoena for Eckerd Drug, requesting all prescription records of plaintiff. Plaintiff argues that unless the defendant can submit a request which protects the rights and interests of the plaintiff, then the court should not permit the defendant to obtain such information as it is outside the scope of relevance and it is outside the scope of discovery.

The Superior Court addressed privacy rights interests of individuals in such cases, where they stated:

"[I]n tort law we recognize a right to privacy that is not constitutionally based. In *Forster v. Manchester,* 410

Pa. 192, 189 A.2d 147 (1963), our Supreme Court defined the right as an *'interest in not having [one's] affairs known to others.' Id.,* 410 Pa. at 194-98, 189 A.2d at 149-50. The invasion of privacy is actionable when there is an unreasonable and serious interference with one's privacy interest. Nonetheless, an individual's right to privacy is clearly qualified when that individual has filed suit for personal injuries. *[Id.]*" *Moses v. McWilliams,* 379 Pa. Super. 150, 159, 549 A.2d 950, 954-55 (1988). (emphasis in original) (footnote omitted)

In the instant matter, plaintiff is making a claim that defendant is liable for loss of wages and out-of-pocket medical expenses, and that her first-party benefits have been exhausted. Again, the Rules of Civil Procedure say that, "a party may obtain discovery regarding any matter . . . which is relevant to the subject matter involved in the pending action . . ." and "[i]t is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery evidence." Pa.R.C.P. 4003.1(a) and no. 4003(b).

It is apparent that the prescription records are relevant to the subject matter in the pending action, as part of her claim is based on loss of out-of-pocket medical expenses. Further, it is not ground for objection that the prescription records sought will be inadmissible at trial, if the prescription records sought are reasonably calculated to lead to the discovery of evidence. Therefore, plaintiff's objection to the subpoena of records from Mountain Laurel Assurance Company is dismissed,

except that such request shall be limited to the time period from and after April 25, 1998, the date of plaintiff's prior accident.

ORDER

And now, October 19, 2005, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered, adjudged and decreed that plaintiff's objection to the issuance of subpoenas are dismissed, provided, however, that the records discoverable from Eckerd Drug shall be limited to the time period from and after April 25, 1998.